IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BETSY GOREN, on behalf of the
Estate of Marjorie Goren,

Plaintiff,

v.

SMA HUB, INC.; HUB BUSINESS TRUST; and NV PARTNERS, LLC;

Defendants.

Case No. 3:24-cv-00580-JR

ORDER

RUSSO, Magistrate Judge:

Plaintiff Betsy Goren moves for attorney fees in the amount of $21,259.50[1] and costs in the amount of $846.46. For the reasons below, plaintiff's motion is granted in part, insofar as attorney fees are awarded in the reduced sum of $14,779 and costs are awarded in full.

[1] The Court notes that plaintiff requested $21,563.50 in attorney fees, but this amount resulted from a mathematical error caused by doubling the hourly rate of legal assistant Ian Forsyth. Pl.'s Mot. Att'y Fees & Costs 3 (doc. 88).

**DISCUSSION**

This dispute emanated from the misappropriation of nearly $400,000 in funds plaintiff invested, on behalf of her mother, in a secondary market annuity offered by defendant Jonathan Walker (who has since been dismissed from this action) and his related business entities (i.e., defendants Hub Business Trust, SMA Hub, Inc., and NV Partners, LLC—collectively, the "SMA Defendants"). In April 2020, those funds were deposited by Mr. Walker and the SMA Defendants at a Northwest Bank branch in Lake Oswego, Oregon. And, in December 2020, Northwest Bank used those funds to offset an unpaid line of credit that NV Partners, LLC had obtained in 2017. *See generally Goren on Behalf of Est. of Goren v. SMA Hub, Inc.*, 2025 WL 3485722 (D. Or. Dec. 4, 2025).

In April 2024, plaintiff initiated this action alleging conversion, unjust enrichment, negligence, violations of the Oregon Unlawful Trade Practices Act, breach of contract, breach of implied warranty, fraudulent inducement, promissory fraud, negligent misrepresentation, and financial elder abuse. Default was entered against Mr. Walker and the SMA defendants in July 2024. In December 2025, the Court granted summary judgment in favor of Northwest Bank. Following the denial of her initial motion for default judgment, the Court granted judgment in favor of plaintiff in August 2026. Plaintiff then moved for attorney fees and costs.

Pursuant to the prevailing party's motion, the court may award reasonable attorney fees and costs. Fed. R. Civ. P. 54(d); LR 54. The court employs the "lodestar" method to determine whether requested attorney fees are reasonable. *Solano v. Preciado*, 2024 WL 3654958, *1 (D. Or. Aug. 5, 2024). Under this method, the court "multiplies the number of hours the prevailing party reasonably spent on litigation by a reasonable hourly rate to determine a presumptively reasonable fee award[,]" which constitutes the lodestar figure. *Kim v. Allison*, 8 F.4th 1170, 1180 (9th Cir.

2021) (citation omitted). This figure may be adjusted based on the factors articulated in *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). The court retains "considerable discretion" in assessing whether attorney fees qualify as reasonable. *Webb v. Ada Cnty., Idaho*, 195 F.3d 524, 526–27 (9th Cir. 1999). The prevailing party bears the burden of establishing that both the requested number of hours and the requested hourly rate are reasonable. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013).

It is undisputed that plaintiff is the prevailing party and therefore entitled to reasonable attorney fees and costs. Order 4–7 (Aug. 3, 2026) (doc. 85). Plaintiff seeks the following compensation: 55.6 hours for Portland, Oregon, attorney Jesse Cowell at a rate of $350 per hour; 2 hours for associate Lea Achim at a rate of $325 per hour; 8.9 hours for legal assistant Jennifer Mendonca at a rate of $95 per hour; and 3.2 hours for legal assistant Mr. Forsyth at a rate of $95 per hour. Pl.'s Mot. Att'y Fees & Costs 3 (doc. 88).

To determine the reasonableness of a requested hourly rate, the Court looks to "the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). This District uses the most recent Oregon State Bar Economic Survey ("OSB Survey") as the "initial benchmark" for prevailing market rates. *Prison Legal News v. Umatilla Cnty.*, 2013 WL 2156471, *4 (D. Or. May 16, 2013) (citations omitted). Based on the 2022 OSB Survey, the Court finds that plaintiff's requested hourly rates are reasonable. As for Mr. Cowell, the rate of $350 per hour is in line with the average rate for attorneys of commensurate experience in the Portland metropolitan area. *2022 OSB Survey* 43. Although Ms. Achim's requested rate of $325 per hour is slightly above average for her level of experience and location, it nevertheless qualifies as reasonable. *Id.* at 42; *see also* *Powell v. Rasmussen*, 2024 WL 247183, *3 (D. Or. Jan. 23, 2024) (hourly rate of $375 was reasonable for a Portland attorney with six years of experience). Finally,

the requested rate of $95 per hour for Ms. Mendonca and Mr. Forsyth is reasonable because it does not exceed the average hourly rate for first-year associates. *2022 OSB Survey* 42; *G&G Closed Circuit Events, LLC v. Rojas*, 2021 WL 1342742, *1 (D. Or. Apr. 9, 2021) (paralegal rate was reasonable where it did not "exceed the average rate for first-year associates.").

However, the Court finds that some of the billing entries are "excessive, redundant, or otherwise unnecessary." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009). Of plaintiff's 85 billing entries, 13 are deficient and must be reduced or eliminated. Cowell Decl. Ex. 1, at 2, 4–6 (doc. 89). For example, plaintiff billed 1.5 hours on April 5, 2024, for the initiation of this lawsuit: "File complaint and civil cover sheet with US District Court of Oregon; t/c with court clerk; prepare complaint, waivers and cover letters for mailings." *Id.* at 2. Yet nothing occurred on April 5, and plaintiff re-billed for substantially the same tasks on April 8, 2024, the date on which this lawsuit actually commenced. *Id.*

The billing entries regarding plaintiff's Motion for Default Judgment (on February 21, 2026; February 24, 2026; February 25, 2026; March 24, 2026; and March 25, 2026) are similarly duplicative, as plaintiff subsequently filed an Amended Motion for Default Judgment after the initial motion was denied as insufficiently briefed. *Id.* at 4–5; *see generally* Order (Apr. 22, 2026) (doc. 81). The aforementioned billing entries are thus "redundant," and the Court reduces them to zero. *McCown*, 565 F.3d at 1102; Cowell Decl. Ex. 1, at 2, 4–5 (doc. 89).

Plaintiff's counsel also engaged in block-billing, which makes it impossible for the Court to determine the reasonableness of the following billing entries: April 4, 2024; April 5, 2024; July 10, 2024; March 26, 2026; May 7, 2026; and August 17, 2026. *See Maurer v. Edward D. Jones Co., L.P.*, 2026 WL 1301031, *2 (N.D. Cal. May 12, 2026) ("Block-billing time records are not permitted. Time must be recorded by task."); Cowell Decl. Ex. 1, at 2, 4–6 (doc. 89). For instance,

on May 7, 2026, plaintiff billed 10.7 hours as follows: "Review files, continue and complete drafting Amended Motion for Default Judgment, continue drafting Betsy declaration, draft Dave & Tom supporting declarations, emails with clients on same, file and serve motions and declarations." Cowell Decl. Ex. 1, at 5 (doc. 89). This entry contains no fewer than six different tasks, none of which are billed individually. *Id.* The Court disallows any hours that are block-billed in increments greater than 3 hours, resulting in a reduction of 13.7 hours of Mr. Cowell's time.

In total, the Court reduces plaintiff's requested attorney fees from 69.7 hours to 49.8 hours. *Id.* at 6; Pl.'s Mot. Att'y Fees & Costs 3 (doc. 88). Mr. Cowell's hours are reduced from 55.6 to 37.6, and the combined hours of Ms. Mendonca and Mr. Forsyth are reduced from 12.1 to 10.2. Cowell Decl. Ex. 1, at 2, 4–6 (doc. 89); Pl.'s Mot. Att'y Fees & Costs 3 (doc. 88). The Court finds the revised sum of $14,779 in attorney fees to be reasonable under the lodestar method and that no adjustment is necessary pursuant to *Kerr*.

Turning to costs, plaintiff has requested a total of $846.46 for the filing fee and private process service fees (including printing and USPS certified mail). Pl.'s Mot. Att'y Fees & Costs 4 (doc. 88); Cowell Decl. Ex. 2, at 1 (doc. 89). "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "[T]he decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013). This District has repeatedly held that, despite the assertion of claims under state law, the prevailing party's recoverable costs "are limited to those listed in 28 U.S.C. § 1920." *See, e.g.*, *Topness v. Cascadia Behavioral Healthcare*, 2017 WL 8895626, *10 (D. Or. Oct. 17, 2017), *adopted as modified by* 2018 WL 1015536 (D. Or. Feb. 22, 2018). Under that statute, plaintiff's requested costs are recoverable in full. *See Reg'l Loc. Union Nos. 846 & 847 v. LSRI, LLC d/b/a Lone Star*

*Rebar Installers*, 2024 WL 3717512, *1 (D. Or. Aug. 7, 2024) (reimbursing the prevailing party for filing fee and process server fees).

**CONCLUSION**

Plaintiff's Motions for Attorney Fees and Costs (docs. 88, 90) are GRANTED in part. Plaintiff is awarded a total of $14,779 in attorney fees and $846.46 in costs.

IT IS SO ORDERED.

DATED this 25th day of September, 2026.

/s/ Jolie A. Russo
Jolie A. Russo
United States Magistrate Judge